UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF

CALIFORNIA.

| UNITED STATES OF AMERICA, | ) | Case Number: 05CR904-GT |
| --- | --- | --- |
| Plaintiff, | ) | '07 CV 2247 GT |
| | ) | |
| | ) | DEFENDANT'S OBJECTIONS TO THE |
| | ) | COURT'S IMPOSITION OF |
| vs. | ) | PROBATION / SUPERVISED RELEASE. |
| | ) | |
| Defendant. | ) | |
| HERNANDEZ-MUNOZ, JORGE | ) | |

**(A).-**       **STATEMENT OF THE ISSUES PRESENTED**

1.-Whether the District Court has Jurisdiction to revoke Defendant's Supervise Release term.

2.-Whether Supervised Release would be properly revoke when the Government "did not" provide with the conditions that Mr.Hernandez-Munoz, Jorge is charged with violating.

3.-Whether the imposition of Probation / Supervise Release is proper when the relevant Title 8 U.S.C. § 1326 does not mandate the imposition of that separte sentence.

**IMPORTANT NOTE:**
The Supervised Release Violation is under Torres-Melchor, Pedro Case/Dkt#CR 03-33-01-BR.
**Aliases:** Torres-Melchor, Pedro.
   Hernandez-Munoz, Jorge.
   Gonzalez-Castillo, Arturo.

HERNANDEZ-MUNOZ, JORGE
Reg. No.: 66804-065.
California City Correctional Center
P.O. Box 2590
California City, CA 93504

IN PROPRIA PERSONA

(B).-

## STATEMENT OF THE CASE

**COMES NOW,** the defendant Mr.Hernandez-Munoz,Jorge , in Pro Se, and respectfully moves this Honorable Court to grant this motion in the interest of justice, and pursuant to all of applicable laws and rules of the United States.

And in support thereof the defendant would show this honorable Court as follows.

1).- This motion is in opposition of the **Revocation and Warrant for arrest** filed in the District of California,Southern , stating the following Violation;

    Allegation; Violation of Standard Condition 1:

> You shall not commit another Federal, State, or local crime during the term of Supervision Grade B Violations Section 7B1.1(a) (2).

2).- Defendant Mr. Hernandez-Munoz,Jorge , respectfully moves this Honorable Court to dismiss the alleged violation, arguing that the supervised release should not be revoked because he did not receive the proper proceedings, directions, stating all the conditions to which the term of supervised is subjet to in accordance with the obligations on probation officers, required by statute.

3).- Defendant raises three objections to the revocation of supervised release, alleged in the **(Revocation Petition)**, and **(Warrant for arrest)**;

    I.- Defendant Mr.Hernandez,Munoz,Jorge , did not receive the proper notice of supervised release conditions. In accordance to Title 18 U.S.C. 3583 (f):

> It has been determine whether revocation of

Supervised Release is an abuse of discretion when defendant received no notice, written or oral, that he was subject to standard condition one. See: <u>United States v. Foster</u>, 500 F.2d 1241,1244(9th Cir.1974). (where defendant "was not informed in any way" that certain duties were conditions of his Probation.

Government's failure to comply with those duties could not be a predicate for revoking Probation / Supervised Release.

//

//

//

//

//

//

//

//

//

//

//

//

//

II.- According to the Title 18 Section 3603 the probation officer shall have the following Duties-

(1) instruct a probationer or a person on supervised release, who is under his supervision, as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions;
(2) Keep informed, to the degree required by the conditions specified by the sentencing court, as to the conduct and condition of a probationer or a person on supervised release, who is under his supervision, and report his conduct and condition to the sentencing court;
(3) use all suitable methods, not inconsistent with the conditions specified by the court, to aid a probationer or a person on supervised release who is under his supervision, and to bring about improvements in his conduct and condition;
(4) be responsible for the supervision of any probationer or a person on supervised release who is known to be with the the judicial district;
(5) keep a record of his work, and make such reports to the Director of the Administrative Office of the United States Courts as the the Director may require;
(6) upon request of the Attorney General or his designee, assist in the supervision of and furnish information about, a person within the custody of the Attorney General while in work release, furlough, or other authorized release from his regular place of confinement, or while in prerelease custody pursuant to the provisions of section 3624(c);
(7) keep informed concerning the conduct, condition, and compliance with any condition of probation, including the payment of a fine or restitution of each probationer under his supervision and report thereon to the court placing such person on probation and report to the court any failure of a probationer under his supervision to pay a fine in default within thirty days after notification that it is in default so that the court may determine whether probation should be revoked;
(8)(A) when directed by the court, and to the degree required by the regimen of care or treatment ordered by the court as a condition of release, keep informed as to the conduct and provide supervision of a person conditionally released under the provisions of section 4243 or 4246 of this title, and report such person's conduct and condition to the court ordering release and to the Attorney General or his designee; and

(B) immediately report any violation of the conditions of release to the court and the Attorney General or his designee;
(9) if approved by the district court, be authorized to carry firearms under such rules and regulations as the Director of the Administrative Office of the United States Courts may prescribe; and
(10) perform any other duty the court may designate.

This particular section of the Title 18 is clear and unambiguous and provides specific directions to probation officers. Besides this statutory obligation is reinforced by 3583 (f).

III.-    In addition Mr. Hernandez-munoz, Jorge, contends that the district court lacks jurisdiction to revoke his supervised release, because the warrant which was issued was not "SUPPORTED BY OATH OR AFFIRMATION", as required by the fourth Amendment's           clause, United States v. Vargas-Amaya, 389 F.3d 901.(2004)

"A R G U M E N T S"

I.-    The defendant's argument is that his supervised release **SHOULD NOT BE REVOKED** because:

(1) The government did not produce sufficient evidence that he violated standard condition **"ONE"** and;
(2) He did not receive the conditions of supervised release in writting standard as mandated by the Title 18 of the U.S.C. section 3583(f) and this is stated as follows:

> **Section 3583(f)** The court shall direct the probation officer provide the defendant with a written statement that sets for all the conditions to which the term of supervised release is subject, and that is "sufficient clear" and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

II.- Defendant Mr Hernandez, Munoz, J. Contends the District Court decision, under Vargas-Amaya, 389 F.3d 901 (9th Cir. 2004). The District Court lacks Jurisdiction to revoke his Supervise Release, because the Warrant pursuant to which Mr Hernandez-Munoz was issued was not supported by oath or affirmation, as required by the Fourth Amendment's Warrant Clause 18 U.S.C. §3583(i).

A.- Vargas-Amaya, suggests that the requirement of the warrant clause apply even an arrest occurs during the term of supervised release. See: Vargas-Amaya, 389 F.3d at 905.

B.- Warrant clause creates a jurisdictional defect where revocation occurs before expiration of the supervise release term.

C.- District Court Jurisdiction to revoke supervised can be extended beyound the term of supervision under Title 18 U.S.C. § 3583(i), only if the warrant was issued upon probable cause", supported by oath or affirmation as required by the "Fourth Amendment". See: Vargas-Amaya, 389 F.3d at 907.

III.- Defendant Mr Hernandez-munoz, J. challenges the revocation of his supervise release as an abuse of discretion.

A.- Mr. Hernandez-Munoz received no notice written nor oral that he was subject to standard condition one. See: United States v. Foster, 500 F.2d 1241-44 (9th Cir. 1974). Where the defendant was not informed in any way that certain duties where conditions of his Probation. His failure to comply with those duties could not be a predicate for revoking his Probation.

B.- Title 18 U.S.C. § 3603, Imposes a number of obligations on Probation Officers. Including subsection (1) which provides in mandatory language that a Probation Officer shall instruct a Probationer or person on "supervised release" who is under supervision, as to the conditions specified by the sentencing Court and provide him with written statement clearly citing for all such conditions

C.- This statement is clear and unambiguous and provides specific direction to Probation Officers. This statutory obligation is reinforced by Title 18 U.S.C. § 3583(F), which imposes a similarly clear obligation on District Courts.

(D).- The Title 18 U.S.C. § 3583(F). Obligation of Probation Officers to provide defendant with written statement that sets for all the conditions to which the term of supervised release is subject.

VI.- Defendant Mr Hernandez-Munoz claims that he was never given written nor oral notice, of his supervised release. Mr Hernandez-Munoz advice this Honorable Court to review the sentencing transcript to confirm this claim. See Robinson Rancheria Citizens Council v. Borneo Inc.., 971 F.2d 244 (9th Cir.1942). We should take notice of proceedings in other courts, both within and without the Federal Judicial System, if those proceedings have direct relation to matters at issue. (quoting) St.Louis Baptist Temple Inc. v. FDIC., 605 F.2d 1169,1172 (10th Cir.1979).

## CONCLUSIONS OF STATEMENT OF THE ISSUES PRESENTED (A)(1) and (2)

I.-   The Higher Court Holds:

Failure to provide the statutorily requirements "as written notice" will be tolerated only when the government proves that defendant received actual notice of the very condition that he is charged with violation.

## STATEMENT OF THE LAST ISSUE PRESENTED (A)(3)

I.-   Furthermore in regards to the third issue presented Mr Hernandez-Munoz, J. states that Title 8 U.S.C. § 1326(a) does not mandate the imposition of a separate sentence. And in support thereof, the Defendant would show to this Honorable Court as follows:

> 1.) The imposition of supervised release is not mandated by the fact of imprisonment, or the fact of the conviction. See: Title 8 U.S.C. § 1326, authorizes imprisonment and/or a fine. It is irrelevant the term of

>imprisonment is two, ten or twenty years, because none of these sections authorize the imposition of supervise release.
>
>Title 18 U.S.C. § 3583(a): Provides, the court in imposing a sentence of imprisonment for felony or misdemeanor, may include - as a part of sentence a requirement that the defendant be place on a term of supervised release after imprisonment, except that the court shall include as part of the sentence a requirement, that the defendant be placed on a term of supervised only if such term is required by statute or if the defendant has been convicted for the first time of domestic violence crime as define in § 3561(b).

Even before the Supreme Court desicion in <u>Booker</u> the court could depart from the Guidelines and not to impose a term of supervised release if it determines that supervised release neither required by statute nor required for any of the following reasons:

(1) to protect the public welfare;
(2) to enforce a financial condition;
(3) to provide drug or alcohol treatment or testing;
(4) to assist reintegration of the defendant into community or;
(5) to accomplish any other sentencing purpose **AUTHORIZED BY STATUTE** the only requirement that may apply is the first of the requirements to **PROTECT THE PUBLIC WELFARE** and no other.

It is respectfully submitted that the other requirements do not apply to 8 U.S.C. §§ 1325 or 1326 cases, because illegal re-entry, or being found in the United States, or attempted re-entry into the United States is not violent crime. It is only made serious because of the penalties imposed for the violation of the statute. And in fact being illegal in the United States is a MALA PROHIBITA, that is like running a stop sign, or red light while driving a vehicle, the violator does not even have to be aware that he is committing a crime.

-8-

## GROUNDS OF THE ISSUE PRESENTED
### (A) (3)

The Defendant Mr. Hernandez-Munoz, J. contents the eventual imposition of a term of incarceration of a violation of any conditions of supervised release would be invalid. When the relevant Title 8 U.S.C. § 1326 does not mandate the application of that separate sentence.

The supervise release revocation violates the rule Apprendi v. New Jersey, 530 U.S. 466 (2000), because it permits incarceration that is authorized not by the jury's verdict or the guilty plea, but by judicial fact-finding of the revocation facts under the preponderance standard without the benefit of a grand jury indictment.

The supervised release revocation scheme set forth in 18 U.S.C. § 3583(e)(3) and Fed. R. Crim.P.32.1 violates the Fifth and Sixth Amendments as interpreted in Apprendi for two reasons. First, on the day of his intial sentencing, the District Court had the authority to sentence him to serve zero days of his term of supervise release in prison.[1] Second, on the day of revocation, (If his supervise release was to be revoke) the District Court may gain the power to impose prison time by virtue of its own factual finding, may under the preponderance standard without the benefit of a grand jury indictment. Apprendi applies to supervise release revocation (If his supervise release was to be revoke) because the facts supporting defendant's conviction do not permit the imposition of any portion of the term of supervise release to be served in prison. See: Booker, 543 U.S. at 244 (Apprendi holds that "[a]ny fact other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") The analogy to parole revocation drawn by the Ninth Circuit, and by other other Circuits, does not ameliorate these constitutional defects.

---

[1] See United States v. Bahe, 201 F.3d 1124, 1130-31 (9th Cir. 2000).

In addition to the above, the USSG § 5B1.3(d)(6) requires that the government and the defendant make a stipulation of deportation in the plea agreement pursuant to Title 8 U.S.C. § 1228(c)(5) or (B), in order for the court to impose any supervised release sentence. In the absence of a stipulation of deportation if, after notice and hearing pursuant to such section, the Attorney General demonstrates by clear and convincing evidence that the alien is deportable, a condition ordering deportation by a United States District Court Judge.

In <u>United States v. Liero</u>, 298 F.3d 1175 (9th Cir.2002), <u>Liero</u> argued that the District Court was not authorized to impose Supervised Release in the first place and so lacked authority to punish him for violating its terms. Id. at 1176.

Pursuant to <u>Apprendi</u>, Supervised Release may not be imposed solely upon the fact of a conviction, or upon the imposition of imprisonment. Rather, before Supervised Release is authorized, Title 18 U.S.C. § 3583(c) **mandates** that the District Court consider specific sentencing factors. Thus, Supervised Release may only be imposed after an additional hearing at which the District Court considers relevant factors and the increase / imposed this penalty.

A term of Supervised Release becomes an authorized sentence only if there are Judicial not Jury findings of the relevant sentencing factors. Hence, Congress intended precisely that which has been prohibited by <u>Apprendi</u>:

"[The] Legislature remove[d] from the Jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed". <u>See</u>: Apprendi V. New Jersey, 530 U.S. 466 (2000).

Supervised Release is differnt from parole, and probation for that matter, because revocation of supervised release allows imprisonment that was not authorized by the jury's verdict or guilty plea. Parole revocation merely concerns service of a sentence already imposed based on the jury's verdict, while probation revocation authorizes a sentence that could have been imposed on the original date of sentencing.

Similarly, labeling a revocation sentence as punishment for the original offense does not change the fact that the jury's verdict does not authorize service of the term of supervised release in prison. See Apprendi, 530 U.S. at 494. Under Aprendi, it is " effects" no labels, that matter, and the "effect" of a revocation finding is to permit incarceration that was impossible based solely upon the facts found by the jury underlying the guilty plea.

The defendant for the first time is addressing this Court and argumenting there has not been addressed before, quoting: that none of the Circuits have addressed this amin point: because the jury verdict or guilty plea do not authorize the requirement that any portion of the term of supervised release be served in prison, the "effect" of finding the fact of violation permits punishment that was not authorized at the time of the initial sentencing. Similarly, the reasoning in Work is deficient because it does not account for Apprendi emphasis on the "efect" of, rather than the label placed on, a particular factual finding.See Apprendi, 530 U.S. at 494.

Hinson and Mc Neil repeat the errors in Work. Hinson states that there is "no principled reason for treating revocation of supervised release differntly from revocation of parole" with respect to" whether a defendant is entitled to a jury trial to determine whether the terms of supervised release have been violated"

The end result of a revocation is this: after the District Court (**wrong decision**) finds by preponderance of the evidence (**the wrong standard**) that are charged by the District Court through his probation officer (**the wrong accuser**) in a petition for a warrant or summons (**the wrong charging instrument**) it would impose a sentence that is not authorized by the Jury's verdict or the guilty plea: a term of supervised release in prison if the judge approves a revocation scheme.

But Apprendi teches that "the relevant inquiry is one not of form, but of effect..does the required finding expose the defendant to a greater punishment than the authorized by the Jury's verdict. Thus, under Apprendi the question should be what is the effect of the district court finding of the fact of a violation of terms of supervised release? The answer is that such a finding authorizes imprisonment that is not permitted by the jury's verdict or the guilty plea. In other words the judge acquires the authority only upon finding some additional facts. Consequently, Apprendi applies to that fact, a result that is dictated by its effect.

## C O N C L U S I O N

For the reasons sets forth in this motion, the defendant respectfully asks this Honorable Court to dismiss his warrant/charge of supervised violation.

RESPECTFULLY SUBMITTED,

AFFIANT

IN PROPRIA PERSONA

Haines v. Kerner, 404 U.S. 519 (1972).

(Pro Se Complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers.)

Dated: 11/8/2007

RESPECTFULLY SUBMITTED,

AFFIANT: *Jorge Hernandez Munoz*
    HERNANDEZ-MUNOZ, JORGE.
INMATE No. 66804-065
ALIASES:
    Torres-Melchor, Pedro.
    Hernandez-Munoz, Jorge.
    Gonzalez-Castillo, Arturo.

**IN PROPRIA PERSONA.**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| USA | United States of America |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro Se<br>P.O. Box 2590<br>California City, CA 93504 | 07 CV 2247 GT<br>U.S. Attorney |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**18 U.S.C. 3582**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE    Docket Number 05CR904-GT

DATE    SIGNATURE OF ATTORNEY OF RECORD

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)